RALPH A. TEATER

*v.*

STATE OF ILLINOIS.

*Opinion filed March 8, 1923.*

GOVERNMENTAL FUNCTION—*State not liable. Division of Highways.* The State in exercising its governmental functions is not liable for the torts of its agents, servants or employees.

SOCIAL JUSTICE AND EQUITY—*when award will be made.* The Court as a matter of social justice and equity enters an award in favor of claimant.

Edward J. Brundage, Attorney General, for State.

This is a claim filed by Ralph A. Teater, of the City of Springfield, Illinois, setting forth that on and before October 17th, 1921, the claimant was in the employ of the State of Illinois, as a mechanic's helper in the Bureau of Machinery of the Division of Highways, in the Department of Public Works and Buildings; that while so employed, he was receiving as his compensation or salary, wages at the rate of fifty cents ($0.50) per hour, during all the time so employed.

That on the 17th of October, 1921, and while the claimant was so employed, there was a certain automobile then and there in the possession, ownership and control of the said Bureau of Machinery in the Division of Highways in the said Department of Public Works of said State of Illinois, and which was located on an elevated platform at the State Fair Grounds, in the City of Springfield, Illinois; that claimant at the time and place aforesaid was directed by certain of his superior officers then and there being likewise in the employ of the said State of Illinois, to assist in removing the said automobile from said platform and to that end, it became and was the duty of the claimant and he was so directed by his superior officers to get into the said automobile in order that he might steer the same by means of the steering wheel thereof, while the same was being towed by means of a certain rope or ropes attached to a certain motor truck or vehicle and which motor truck or vehicle was then and there under the control and management and was being driven by a fellow employee of said defendant; that thereupon and pursuant to the order and direction, and while engaged in the performance of his duty and employment as aforesaid, the claimant did get into the automobile and did attempt to steer the same by means of the steering-wheel thereof, while the said automobile was being towed in the manner aforesaid; that the said automobile being thus towed and in which the claimant was riding was defective and insecure, in that the said steering-wheel was not securely fastened to the post to which it was attached and thereby and by reason thereof the

claimant was unable to steer the same; that the claimant had no previous knowledge of this defect and although the claimant made every possible effort to steer the said automobile and to prevent any accident to himself and while in the exercise of all due care and caution for his own safety and although the claimant repeatedly called to the driver of the auto truck, which was towing said automobile, to stop and thereby endeavored to prevent the accident yet the driver of the auto truck negligently failed and neglected to stop same, and continued to proceed therewith, and to pull and tow the said automobile in which the claimant was then riding and which he was attempting to steer or guide, and by reason of the negligence of the said driver of said auto truck and his failure to heed the warning of the claimant herein, and by reason and on account of the defective condition of the said automobile upon which the claimant was riding, the said automobile ran, toppled and fell over the side of said platform to and upon the ground, and the claimant was unable to extricate himself therefrom in time to avoid serious injury to himself; that the claimant was seriously and as he believes, permanently injured about his back, limbs and body and was thereby less able to earn his living in the future and by reason thereof he was required and did lay out expenditures and become liable for divers sums of money for doctor bills, surgical treatment and medicine, and was further thereby deprived of divers gains, profits and wages, which he would have otherwise made and would be able to earn in the future. He asks damages in the sum of $5,000.00.

The evidence shows that claimant is a married man living at Springfield, Illinois, with his wife and two small children, that his age is 28 years, that he was employed at the Illinois State Fair Grounds by the Highway Department of this State at the time of his injury; that during the time he was so employed he was preparing himself, by study, for a registered pharmacist and that he had served his apprenticeship as a drug clerk. Claimant further testifies that he was receiving as his wages from the State of Illinois about $24.00 per week and that he is now employed at Freidman's Drug Store in the city of Springfield at a salary of $30.00 per week; that prior to his injury he was employed at different times during the season as a baseball player and also a basketball player for which he received approximately $500.00 a year in addition to his regular salary or wages; that his physical condition is such at the present time, owing to the injury he received, that he is unable to engage in any athletic sports and that he is deprived of earning the extra salary; that he incurred hospital and doctor bills during his illness amounting to a considerable sum, which are unpaid and for which he is liable.

We are unable to agree with counsel for plaintiff relative to the negligence of the driver of the truck which was towing the defective car. It is stated in the declaration that claimant repeatedly called to the driver, Jones, yet the driver of the truck negligently failed and neglected to stop his car. The evidence is that claimant called as loud as he could for Jones to stop the car, but that Jones was unable to hear him, presumably on account of the noise made by the truck, he sitting quite a distance from the car being towed.

There is no question but what the claimant received very painful injuries and it may be of a permanent character; that said injuries were suffered while in the course of his employment with the State and that without any knowledge of the defect in the car in question and that he exercised due care and caution for his own safety.

It is true, that under the decisions of the Supreme Court, the acceptance of a salary or wages during the period of the disability or incapacity is not a waiver of the right to compensation for such disability whether partial or total, in the absence of an agreement otherwise, but we are of the opinion that such wages or salary received by the claimant since his injury should be taken into consideration in making an award.

The Attorney General, in behalf of the State, has filed a demurrer to the declaration, which, as a matter of law will be sustained. It has been well established heretofore by the decisions of this Court that the doctrine of *respondeat superior* is not applicable to the State; that the State in the ownership, possession and control of said automobiles was exercising a governmental function and is not liable for the torts of its agents in relation thereto. There can be no question but what the Workmen's Compensation Law of Illinois does not apply to employees of the State.

We are of the opinion, however that as a matter of equity and social justice an award should be made in this case to the claimant even though there is no liability on the part of the State. We therefore award to claimant the sum of one thousand five hundred ($1,500.00) dollars in full of all claims of every kind and nature whatsoever against the State of Illinois for injuries sustained by him while in the course of his employment with the State and to compensate him in the event of total disability.